HENRY F. TURNER, Judge pro tem.
The plaintiff, Joseph St. Romain, brought this action against defendant, Russel T. Baldwin, for damages growing out of an alleged false arrest and malicious prosecution. He charged that Baldwin had caused him to be arrested and placed in the jail of the City of New Orleans and tried on the charges of theft of $20.00 and also breach of the peace by assault. The defendant, in reconvention, claimed damages in the amount of $1,000.00 for the alleged assault, which he itemized as pain and suffering, $500.00; humiliation and embarrassment, $500.00. On the trial of the case, the demands of the plaintiff were rejected and judgment was entered in favor of the defendant, plaintiff in reconvention, for $250.00. No written reasons were assigned.
The events which led to this litigation occurred on February 7, 1959 when the defendant, a school teacher at the Delgado Trade School, went to the used car lot where plaintiff was employed in the capacity as a used car salesman, with the intention of looking over and possibly buying or trading for one of the used cars on the lot. Plaintiff showed the defendant two automobiles, which were not to his *294 liking, but the third shown him apparently-struck his fancy. The plaintiff quoted a price on the automobile and also an allowance for the trade-in value of defendant’s automobile. The defendant was making notations on a card handed to him by the plaintiff. The plaintiff then called the manager or owner of the lot to inform him of the proposed transaction, and there immediately developed a misunderstanding as to the proposed sale of the automobile. The defendant appeared extremely anxious to have the automobile selected, and because of his insistence of the deal as he understood it, an altercation resulted. The defendant, in his reconventional demand, alleges that the plaintiff, without provocation, assaulted him, throwing him heavily to the floor of plaintiff’s place of business. As a result of plaintiff’s assault, he suffered a hernia, which necessitated surgery on February 19, 1959. On the trial of the case below, the District Judge rejected the demands of plaintiff and gave judgment for the defendant, plaintiff in reconvention, in the amount of $250.00. Plaintiff effected an appeal to this Court.
On the trial of the theft and assault charges against the defendant in the City Court, plaintiff in this case, the judge dismissed both charges, apparently on the grounds of insufficient evidence. The defendant in this case, who was the complaining witness in the criminal prosecution in the City Court, testified that when the dispute arose as to the time of the automobile sale and purchase, Joseph St. Ro-main caught hold of his wrist and jerked the card, which he had written the notations upon, from him. He claimed that he had the $20.00 bill attached to or wrapped around the card which St. Romain also took. Shortly after the altercation, he went to the police station and related to the officer in charge what had transpired, whereupon two police officers were dispatched to the used car lot, and after talking to Joseph St. Romain, one officer made the statement, referring to St. Ro-main : “ * * * and his attitude led me to believe that this should be brought to court. He didn’t try to explain that the money might have fallen on the ground, and he denied that he had taken the twenty dollar bill or a card from the complainant.” There is no evidence in the record to show who signed the affidavit or actually filed the charge against Baldwin. He admitted that he was the complaining witness in the case, and, unquestionably, the complaint was filed as a result of his having made the complaint. The trial court heard the witnesses and came to the conclusion that there was not sufficient evidence to justify a criminal conviction in the case and that it was possibly a matter for the Civil Court. We completely agree with the dismissal of the charges, as the complaining witness’s testimony was vague and uncertain and unsupported by other evidence to justify a criminal conviction. There certainly were grounds for a reasonable doubt.
On the trial of the case in the District Court below, we find so many inconsistencies and contradictions involving the testimony of Baldwin that we feel that the trial court erred in awarding him a judgment. The contradictions begin in his petition in reconvention wherein he states that he was thrown heavily to the floor of plaintiff’s place of business. There was no floor involved in the case, as it was on the used car lot. He did not mention having been thrown in his testimony in the criminal prosecution. He states in his petition that he suffered a hernia, which necessitated surgery, as a result of this assault. Certainly if he believed such to be a fact, he would have asked for doctor, medical, hospital and other special damages as were occasioned by the hernia operation. This he did not do, which cast suspicion upon his good faith, in our opinion. He asks $500.00 for pain and suffering, and there is no evidence by him, or anyone else, that he suffered any injury, pain or suffering. And it was only in the civil suit that he mentioned having been thrown, pushed, shoved or knocked *295 to the ground. Plaintiff’s witnesses specifically denied that there was more than a catching of his hand and taking the card away from him. The City Judge in the criminal prosecution so found. Defendant also testified in the City Court that when the salesman asked for his deposit of $20.00 to hold the automobile, he reached in his wallet and took out $20.00, that he always kept $20.00 there. While on the trial of the civil case, he testified that he went to his car where his wife was sitting and asked her if she had any money, whereupon she told him she had some money which was for shopping. He asked her how much money she had, and she replied that she had $20.00 and that she then gave it to him. It was strange that his wife was not mentioned, nor did she testify in City Court. The witnesses for plaintiff stated that she was not present. Defendant testified that following the fracas, he returned to his wife at his car and she asked about the $20.00. He simply told her it was gone without accusing anyone of taking it. If there was $20.00, (it has never been stated whether the $20.00 was in one bill or several) he did not at that time accuse anyone of taking it. There is a possibility that there was $20.00, and it fell to the ground, or it was snatched from his band, or in the excitement he dropped it.
He also related two different stories as to why the transaction fell through. One was that the car, which he was about to buy, was marked $795.00 and that the salesman had made a price of $695.00 to him with an allowance of $200.00 on his car, making a net price of $495.00, and that when the owner of the lot knew the price quoted was $100.00 below the marked price, he nullified the deal. He then testified that the owner of the lot looked at his car and figured he could not allow $200.00 trade-in value, and that was the reason the deal was nullified.
Finding so many inconsistencies and contradictions in the testimony of plaintiff in reconvention, we are unable to determine upon what grounds the judge of the District Court allowed him the judgment. We think he has dismally failed to prove his case by a preponderance of the evidence. There is absolutly no evidence of his having suffered any physical damage, had he proved his case otherwise.
For the foregoing reasons, the judgment of the District Court is affirmed in so far as it rejected the demands of the plaintiff, and reversed wherein it allowed judgment for the defendant, plaintiff in reconvention, and such demand is now dismissed, with costs to be paid by the plaintiff.
Affirmed in part; reversed in part.